IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

COMMERCE AND INDUSTRY
INSURANCE COMPANY, et al.,

       Plaintiffs,

v.            CIVIL ACTION NO. 2:13-cv-30260

NEWHALL CONTRACTING, INC., et al.,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion to Strike Defendants' Answers and Enter Default Judgment, or, in the Alternative, Summary Judgment [ECF 24 & 25].[1]

## I. BACKGROUND

This action arises from Defendants' alleged failure to pay all of their worker's compensation insurance policy premiums to Plaintiffs. On November 26, 2013, Plaintiff Commerce and Industry Insurance Company ("Commerce and Industry") filed a Complaint in case number 2:13-cv-30260 against Defendant Newhall Contracting, Inc. ("Newhall Contracting") seeking $414,138.91 in damages based on unpaid premiums, as well as court costs and pre-judgment and post-judgment interest. On the same day, Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") filed a Complaint in case number 2:13-cv-30263 against Defendant Parsley Enterprises, Inc. ("Parsley Enterprises") seeking $4,313,141.10 in damages based on unpaid premiums, as well as court costs and fees and

---

[1] The motion appears to have been docketed twice. ECF 24 and ECF 25 both contain the same, identically-worded motion.

pre-judgment and post-judgment interest. Defendants filed Answers in the respective cases on December 30, 2013.

By Order entered on March 6, 2014, the Court granted the consent motion to consolidate of Plaintiff Commerce and Industry and Defendant Newhall Contracting filed in case number 2:13-cv-30260, and the consent motion to consolidate of Plaintiff National Union and Defendant Parsley Enterprises filed in case number 2:13-cv-30263.

By Order entered on June 19, 2014, the Court granted attorney W. Kent Varney's motions to withdraw as counsel for Defendants. Mr. Varney indicated that both Defendants had informed him that they were retaining new counsel to represent them in this matter and requested that the Court grant Defendants 20 days to obtain new counsel. Because corporations cannot appear *pro se*, *see* Local Rule of Civil Procedure 83.3, the Court ordered that Defendants retain replacement counsel and that replacement counsel file an entry of appearance within 30 days of the date of that Order.

By Order entered on July 25, 2014, noting that over 30 days had elapsed without new counsel entering an appearance on behalf of Defendants, the Court directed Defendants to retain new counsel and that the new counsel file an entry of appearance within 14 days of the date of that Order and demonstrate good cause for Defendants' failure to timely obtain new counsel in accordance with the previous Order.

By Order entered on August 19, 2014, the Court granted in part and denied in part Plaintiffs' motions to strike affirmative defenses. Defendants had not filed responses to the motions. The Court struck Defendants' First Defense, Second Defense, and Third Defense but granted Defendants leave to amend their Answers. The Court also advised Defendants that

their failure to defend this action and to comply with the Court's Orders exposed them to a variety of sanctions, including the entry of default and a default judgment upon application or motion by Plaintiffs. Defendants have not since filed amended Answers.

On September 3, 2014, Plaintiffs filed the instant motion. Plaintiffs request that the Court strike Defendants' pleadings and enter default judgment against Defendants. In the alternative, Plaintiffs request that the Court enter summary judgment in favor of Plaintiffs.

To date, Plaintiffs have filed no response. Indeed, Plaintiffs have not filed anything with the Court since Defendant's last attorney filed his motions to withdraw six months ago. In addition, Plaintiffs assert in their motion that Defendant has failed to provide any responses to Plaintiffs' outstanding discovery requests, although pursuant to the Scheduling Order currently in effect discovery was to close by September 19, 2014.

## II. DISCUSSION

Federal Rule of Civil Procedure 16(f) provides that certain sanctions are available under Rule 37(b)(2)(A) when a party fails to comply with a pre-trial order. Among the sanctions available under Rule 37(b)(2)(A), a court may strike a party's pleadings in whole or in part and enter default judgment against the party who has failed to comply.

"[T]rial judges are vested with discretion, which must be liberally exercised, in entering . . . [default] judgments and in providing relief therefrom." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982). However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh,* 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980)). Recognizing the seriousness of the imposition of default judgment, the Fourth Circuit has

3

instructed district courts to apply a four-part test when determining appropriate sanctions under Rule 37(b): (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. *Young Again Prods., Inc. v. Acord*, 459 Fed. Appx. 294, 301 (4th Cir. 2011); *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

Applying the above four factors to the facts of the instant case, the Court finds that the sanction of default judgment under Rule 16(f) and Rule 37 is warranted.

First, Defendants have failed to act in good faith in this case. Plaintiffs note that while Defendants have repeatedly sought deadline extensions in this case, representing that discovery responses would be forthcoming, Defendants have failed to answer a single interogatory or produce any documents in response to Plaintiffs' discovery requests. Defendants, through their former attorney, also asked the Court for additional time to secure new counsel. However, there is no evidence that they have made any efforts to do so over the past six months.

Second, Plaintiffs have been seriously prejudiced by Defendants' failure to abide by the Court's Orders. Plaintiffs have been prevented from prosecuting their case by Defendants' failure to respond to Plaintiffs' discovery requests and Defendants' failure to provide any reasonable assurance that they intended to participate in the litigation of this case.

Third, there is a compelling need to deter litigants' non-compliance with the Court's Orders. The Court has explicitly warned Defendants that failure to comply with its Orders may result in the entry of a default judgment against Defendants. Nevertheless, Defendants, by remaining unrepresented for six months, have failed to comply with this Court's Orders requiring

4

Defendants to obtain new counsel. Defendants have also submitted no responses to the Court's Orders. Defendants' omissions, signifying that they do not intend to participate in this litigation or to comply with the Court's Orders, have brought this case to a halt and express contempt for this Court's Orders.

Finally, less drastic sanctions will not be effective to address Defendants' failure to comply with the Court's Orders. Defendants have already shown that they will ignore the Court's specific warnings. Additional warnings are likely to be equally ineffective. Other actions by this Court in the face of Defendants who have remained unresponsive to the Court's Orders for over six months would raise the spectre of indefinite delay.

Accordingly, the Court **FINDS** that it is proper to enter default judgment against Defendants pursuant to Rules 16(f) and 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure.

A defaulting party admits the plaintiff's well-pleaded factual allegations in the complaint. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001). The party in default, however, is not held to admit conclusions of law. *Id.* Thus, the court must determine whether the well-pleaded factual allegations support the relief sought. *Id.* The Court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b)(2), however, it may award damages without a hearing where the amount claimed is "capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Courts are afforded much discretion when determining the need for such a hearing. *See Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly.").

The Court finds that the damages in this case are capable of mathematical calculation, and that a hearing is therefore unnecessary. The Complaint filed by Commerce and Industry alleges that Newhall Contracting owes an outstanding balance of $414,138.91 on the worker's compensation insurance policy it purchased from Commerce and Industry for the November 8, 2010 through November 8, 2011 policy period. The Complaint filed by National Union alleges that Parsley Enterprises owes an outstanding balance of $1,470,154.10 on the worker's compensation insurance policy it purchased from National Union for the January 29, 2011 through November January 29, 2012 policy period. It also alleges that Parsley Enterprises owes an outstanding balance of $2,842,987.00 on the worker's compensation insurance policy it purchased from National Union for the January 29, 2012 through November January 29, 2013 policy period.

Based on these well-pleaded factual allegations, the Court **FINDS** that Plaintiff Commerce and Industry suffered damages in the amount of $414,138.91 and that Plaintiff National Union suffered damages in the amount of $4,313,141.10.

Plaintiffs also seek pre-judgment and post-judgment interest, court costs, and fees. However, as to these requests Plaintiffs have made no submissions specifying the sum sought or the basis for calculation. If Plaintiffs wish to recover pre-judgment and post-judgment interest, court costs, and fees, they may submit a separate request within 30 days of the date of this Order.

Plaintiffs also argue in the alternative that summary judgment should be entered in favor of Plaintiffs. In light of the above disposition, this request is **DENIED AS MOOT**.

### III. CONCLUSION

Accordingly, the Court **GRANTS IN PART** Plaintiffs' motion [ECF 24 & 25] insofar as it seeks default judgment and **DENIES IN PART** the motion insofar as it seeks summary judgment. The Court **ENTERS** default judgment against Defendant Newhall Contracting in the sum of $414,138.91, which sum is awarded to Plaintiff Commerce and Industry. The Court **ENTERS** default judgment against Defendant Parsley Enterprises in the sum of $4,313,141.10, which sum is awarded to Plaintiff National Union. The Court **VACATES** the Scheduling Order currently in effect in this case.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record for Plaintiffs Commerce and Industry Insurance Co. and National Union Fire Insurance Company of Pittsburgh, PA, to Defendant Newhall Contracting at the following last-known address (Newhall Contracting, Inc., PO Box 52, Newhall, WV 24866-0052), and to Defendant Parsley Enterprises at the following last-known address (Parsley Enterprises, Inc., PO Box 457, Lenore, WV 25676-0457).

ENTER: December 29, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE