IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

COMMERCE AND INDUSTRY
INSURANCE COMPANY, et al.,

                Plaintiffs,

v.                                              CIVIL ACTION NO.  2:13-cv-30260

NEWHALL CONTRACTING, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion for Attorneys' Fees, Costs, and Interest. (ECF 29.) For the reasons discussed herein, the Motion is **GRANTED** in part, and **DENIED** in part.

*I.    Background*

This is a motion for attorneys' fees stemming from an underlying action involving Defendants' non-payment of worker's compensation insurance premiums to Plaintiff insurance providers. On December 29, 2014, this Court entered default judgment against Defendants, pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), as a sanction for continued noncompliance with both discovery requests and the pretrial Orders of this Court. (ECF 28.) Specifically, this Court entered judgment against Defendant Newhall Contracting, Inc. ("Newhall Contracting") in the amount of $414,138.91 and against Defendant Parsley Enterprises, Inc. ("Parsley Enterprises") in the amount of $4,313,141.10. In that Order, the Court explicitly

reserved judgment on the Plaintiffs' prayer for pre-judgment and post-judgment interest, court costs, and fees, pending a Plaintiff's motion specifying more clearly the sum sought. (ECF 28 at 6.) The present motion follows that direction and places the issue of fees squarely before the Court.

The case began as two separate civil actions, one by Plaintiff Commerce and Industry Insurance Company ("Commerce and Industry") against Defendant Newhall Contracting, and the other by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") against Defendant Parsley Enterprises. The cases were consolidated by Order entered March 6, 2014. (ECF 13.) The trouble began when Defendants' initial counsel, W. Kent Varney, moved to withdraw as counsel for both defendants. (ECF 16 & 17.) The Court granted those motions by Order entered on June 19, 2014.

The June 19, 2014 Order required that both Defendants retain replacement counsel, and that such counsel file an entry of appearance within 30 days of the entry date of that Order. (ECF 18.) Because the discovery deadline specified in this Court's Scheduling Order was set for June 23, 2014, (ECF 15), Defendants' delay induced Plaintiffs to file an Ex Parte Motion to Modify Scheduling Order and Extend Discovery Deadlines. (ECF 19.) The Court granted that motion. (ECF 20.) Notice of counsel, however, was not entered within the specified period, and so this Court entered another Order on July 25, 2014, again directing Defendants to retain replacement counsel. (ECF 21.) This time such counsel was ordered both to file an entry of appearance within 14 days of the Order and demonstrate good cause for failing to comply with the previous Order. (ECF 21.) Defendants failed to respond either to this Order or to Plaintiffs' numerous discovery requests. Further, despite this Court's explicit warning that failure to defend the case

2

or comply with Court Orders could lead to entry of default, (ECF 23), Defendants continued to disregard discovery and ignore the deadlines specified in this Court's Scheduling Order, (ECF 15), and First Amended Scheduling Order. (ECF 20.) It was in response to these continued failures that this Court noted that Defendants "failed to act in good faith in this case," (ECF 28), and entered default judgment.

## II. Discussion

Federal Rule of Civil Procedure 16 governs pretrial procedure in civil litigation. It provides a comprehensive mechanism by which courts direct pretrial activities and resolve pretrial disputes. *See* Fed. R. Civ. P. 16(a) advisory committee's note to 1983 amendment (noting that the goal of the amended rule is to facilitate a "process of judicial management that embraces the entire pretrial phase, especially motions and discovery"). Pursuant to this Rule, district courts can order parties to participate in pretrial conferences, issue scheduling orders, and enter orders concerning a number of other pretrial issues in the interest of promoting the efficient administration of pretrial activity. *See* Fed. R. Civ. P. 16(c)(2). When these orders and mandates are disobeyed and ignored, courts have several tools to ensure compliance with their orders and respect for the judiciary. *See* Fed. R. Civ. P. 16(f) advisory committee's note to 1983 amendment (listing several sanctions authorized by Rule 16 and providing that the "references in Rule 16(f) are not exhaustive").

The most powerful of these tools is the imposition of default against an offending party. *See Anderson v. Found. for Advancement, Educ., and Employment of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998) (finding that default judgment as a pre-trial sanction "was warranted both as a deterrent and as a last-resort sanction following the [defendant's] continued disregard of prior

3

warnings"). As noted above, this Court has already resorted to the "drastic" measure, *Link v. Wabash R. Co.*, 370 U.S. 626, 642 (1962) (Black, J., dissenting), of entering default against the defendants in this case. *See also Young Again Prods., Inc. v. Acord*, 459 F. App'x 294, 301 (4th Cir. 2011) ("Recognizing the seriousness of the imposition of default judgment, we have instructed district courts to apply a four part test when determining appropriate sanctions under [the discovery sanction rule] . . . ."). In so doing, the Court explicitly determined that "less drastic sanctions" would not have been effective to address the defendants' failure to comply with Court orders. (ECF 28 at 5.)

With respect to attorney's fees, Rule 16(f) provides that "[I]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule . . . ." However, such fees are not to be awarded where "the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id*. The advisory committee's notes make clear that a court "has discretion to impose whichever sanction it feels is appropriate under the circumstances." Fed. R. Civ. P. 16(f) advisory committee's note to 1983 amendment. Indeed, courts have traditionally enjoyed broad discretion to manage their docket and enforce compliance with court orders within the specific contexts of individual cases, and Rule 16(f)'s express sanction provision was designed to "reflect that existing practice." *Id*. *See also Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993) ("When confronted with a party's defiance of its management authority, a district court is necessarily vested with considerable discretion in deciding whether to impose sanctions on that party, and, if so, in determining what form the sanctions should take." (citation omitted)); *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990) (finding that the award

4

of fees under Rules 16(f) and 37(b) "is discretionary, and the amount and impact of a monetary sanction should depend on the seriousness of the violation and where the fault lies . . .").

Based on the circumstances of the case as it presently stands, the Court determines that Plaintiff's requested fee award is not justified. The Court has already entered a substantial default judgment against the defendants in this case. In so doing, it determined that less drastic sanctions, implicitly including attorneys' fees, would not be effective to address Defendants' offending conduct.[1] That conduct has not changed—the plaintiff seeks fees in this motion for the exact same recalcitrance that the Court has already determined justified an imposition of default judgment. On these facts, the Court determines that a further award of attorneys' fees, on the basis of behavior that has already been accounted for and severely punished by this Court, would be cumulative and excessive. The non-responsive defendants have already been fully sanctioned, and an award of attorneys' fees and costs on top of the default judgment would be unjust in the circumstances.

Accordingly, the Plaintiff's request for attorneys' fees and costs is **DENIED**.

Finally, Plaintiffs request post-judgment interest under 28 U.S.C. § 1961.[2] The Court **FINDS** that Plaintiffs are entitled to post-judgment interest at the rate specified in that statute on the default judgment entered December 29, 2014.

### III.  CONCLUSION

---

[1] In the context of Rule 16(f), attorney's fees are a common "less drastic" sanction considered by courts when deciding whether to enter default judgment. *See*, e.g.*, Mutual Federal Sav. And Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 93 (4th Cir. 1989).

[2] The federal statute applies because federal law governs the calculation of post-judgment interest in diversity cases. *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989). Section 1961 provides for the calculation of interest at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment.

For the reasons described above, the Court **DENIES** the Motion for Attorneys' Fees, Costs, and Interest as to its requests for attorneys' fees and costs and **GRANTS** that motion as to its request for post-judgment interest. The Court **ORDERS** Defendants pay post-judgment interest on the default judgment entered December 29, 2014, at the rate specified by 28 U.S.C. § 1961, until that judgment is paid.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record for Plaintiffs Commerce and Industry and National Union, to Defendant Newhall Contracting at the following last-known address (Newhall Contracting, Inc., PO Box 52, Newhall, WV 24866-0052), and to Defendant Parsley Enterprises at the following last-known address (Parsley Enterprises, Inc., PO Box 457, Lenore, WV 25676-0457).

        ENTER:  September 29, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE